UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD KALEEL

    Plaintiff,

v.                                        Case No.:
ERIC K. SHINSEKI
DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**

    Plaintiff, Todd Kaleel, M.D., (the Plaintiff) complains of Defendant, Eric K. Shinseki, as Secretary of the Department of Veterans Affairs, as follows:

    1.    This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, including 42 U.S.C. 2000e-16

    2.    Plaintiff has complied with all jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 as amended including having exhausted his administrative remedies.

    3.    Bay Pines VA Health Care System (Bay Pines VAHCS) is a Veterans Administration (VA) hospital and medical center with related services. It is broken down into various services. Dr. George Van Buskirk (Van Buskirk) was at material times the Chief of Staff at Bay Pines VAHCS. At the time of the incidents, he was Plaintiff's supervisor, and was the selecting official for the Chief of Primary Care vacancy. Lawrence Diehl (Diehl) was the Chief Nurse of Primary Care at Bay Pines VAHCS. Dr. John Scherpf (Scherpf) was the Health System Specialist, GS-13, for Chief of Staff Van Buskirk at Bay Pines VAHCS. Dr Lawrence Scheitler

1

(Scheitler) was the Chief of Dentistry at Bay Pines VAHCS. Dr. Larry Atkinson (Atkinson) was the Associate Chief of Staff for Education and was the prior Chief of Primary Care at Bay Pines VACHS. Dr. Ajay Dhawan (Dhawan) was the Associate Chief of Staff of the Southern Clinic, GS-15 for Bay Pines VAHCS.

4. Plaintiff is the Chief Medical Officer at Bay Pines VAHCS. Plaintiff has held this position for over the past four years, and for a period of nine months during this span also acted as Acting Chief of Primary Care after Dr. Atkinson retired on or around June 1, 2010. Plaintiff stopped being an Acting Chief at the end of February, 2011.

5. Scherpf, Scheitler, Atkinson, and Dhawan were members of a selecting panel whose job was to recommend who would become the Chief of Primary Care for Bay Pines VAHCS. The panel gave the Plaintiff the highest rating of all those who interviewed for the position as the Chief of Primary Care. He was informed by one of its members he had been selected. They made their recommendation to Van Buskirk.

6. Van Buskirk told Human Resources to re-advertize the position. They did. The Plaintiff was still a candidate.

7. A new round of interviews took place. The Plaintiff was not interviewed.

8. A new panel member was placed on the panel, Donna Henderson. She was the Chief of Health Administration Services. She was invited to be on the panel by Van Buskirk. She gave Dr. David Massaro (hereinafter "the selectee") a much higher rating than the Plaintiff, and he was selected by Van Buskirk.

9. Van Buskirk selected Massaro over the Plaintiff even though the Plaintiff was significantly better qualified for the position of Chief of Primary Care than the selectee.

10. Van Buskirk was the central player in a scheme to retaliate against employees at Bay Pines VAHCS who engaged in EEO activity.

11. Each of the employees of the VA described herein was employed by the Defendant and was acting within the course and scope of his or her employment with the Defendant at the time of the conduct described herein. Each of the employees were there during the relevant times of this complaint.

12. Plaintiff filed a formal complaint on March 4, 2011. More than 360 days have passed since the filing date, thus satisfying the jurisdictional requirements of 42 U.S.C. § 2000e-16(c).

13. Plaintiff has hired the undersigned firm and agreed to pay them attorney fees.

## GENERAL ALLEGATIONS

### National Origin, Reprisal, Harrassment and Hostile Work Environment

14. The Plaintiff was subjected to discrimination based upon national origin (Egyptian) when on January 10, 2011 he was notified he was not selected for the position as Chief of Primary Care, Vacancy No. 10-105718-R5, or 105718 R1-R5.

15. The Plaintiff was subjected a hostile work environment and harassment based upon National Origin (Egyptian), and reprisal (EEO activity) when:

   a. On January 10, 2011, the Plaintiff was notified that he was not selected for the position of Chief Physician Primary Care, VM-0602-15; Vacancy No. 10-105718-RS, or 10-105718R1-RS.

   b. In January 2011, Van Buskirk the Chief of Staff told the Plaintiff that one of the reasons that he was not selected for the position of Chief Physician Primary Care was that

3

he lacks management skills, and "his people (Egyptians)" are generally "soft" and are not strong leaders, and that is not Van Buskirk's style.

c. In January 2011, Diehl, the Chief Nurse for Primary Care, was overheard making demeaning remarks about the Plaintiff's accent, appearance, and calling him a "rag head".

d. In January 2011, VanBuskirk told the Plaintiff that he needed to get along better with Diehl.

e. On February 14, 2011, VanBuskirk ignored and embarrassed the Plaintiff who, as Chair of the Improvement Committee, was making a presentation to the PACT Executive Council, by choosing to direct his questions to the Plaintiff's subordinates instead of to him.

f. On February 14, 2011, Van Buskirk embarrassed and harassed the Plaintiff while at the morning meeting, by shoving papers in the Plaintiff's face without addressing him, and stating to his Program Manager "Have him take care of this and give it back to me today".

16. The Plaintiff has satisfied all conditions precedent to filing of this suit or he has been prevented by the Defendant from satisfying such conditions precedent, or he is excused under the law from satisfying any other conditions.

## Count I

### National Origin Discrimination, (Egyptian)

17. Plaintiff Todd Kaleel sues Eric K. Shinseki, as Secretary of the Department of Veterans Affairs for national origin (Egyptian) discrimination under Title VII.

18. Plaintiff incorporates and realleges paragraphs 1 through 16.

19. As direct and proximate result of the foregoing conduct, Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant due to national origin (Egyptian).

20. The above discriminatory actions were taken by the supervisory personnel within the VA in order to deprive the Plaintiff of employment and other employment action because of his national origin.

21. The Defendant has intentionally maintained these discriminatory and unlawful practices to the detriment of the Plaintiff.

22. The above-referenced actions have created an intolerable hostile work environment.

23. The Defendant at all relevant times knew, or should have known, of the above-referenced discrimination against the Plaintiff.

24. The Defendant has failed to take necessary action to prevent or correct the complaint of discrimination and, in fact, ratified such conduct.

25. The Defendant, through the Plaintiff's managers and supervisors, has engaged in, directed or ratified conduct and denied and frustrated the Plaintiff's efforts to obtain relief under Title VII.

26. The Defendant, through acceptance of the complained of conduct, has fostered an attitude among supervisors within the Bay Pines VAHCS that national origin discrimination is an acceptable employment practice.

27. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as a proximate cause thereof, the Plaintiff has been and continues to be

denied his rights to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

28. As a result of the foregoing, the Plaintiff has been damaged. Those damages include, but are not limited to loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to his professional reputation; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

WHEREFORE, Plaintiff requests prospective relief, judgment for damages, attorneys' fees and costs, and such other relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## Count II
### (Hostile Work Environment)

29. Plaintiff, Todd Kaleel sues Eric K. Shinseki, as the Secretary of the Department of Veterans Affairs, for hostile work environment and harassment based upon national origin (Egyptian) and retaliation for EEO activity.

30. Plaintiff incorporates and realleges paragraphs 1 through 16, and 19 through 28.

31. The aforesaid actions and conduct have created an intolerable hostile work environment.

32. As a result of the foregoing, Plaintiff has been damaged. Such damages include, but are not limited to payment of attorneys' fees and legal costs, loss of an amicable work environment, humiliation, anxiety, degradation, embarrassment, physical injury or illness, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

### Count III
### (Injunctive Relief)

33. Plaintiff, Todd Kaleel, sues Defendant Eric K. Shinseki, as Secretary of the Department of Veterans Affairs.

34. Plaintiff incorporates and realleges paragraphs 1 through 16; 19 through 28; and 31 and 32.

35. Unless the above practices are enjoined, Plaintiff will suffer irreparable harm.

36. There is: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless an injunction issues; (3) the threatened injury to the Plaintiff is greater than any damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, will not disserve the public interest.

37. Plaintiff requests the Court award him attorneys' fees and costs and enter preliminary and permanent injunctions enjoining the following practices, actions and conduct:

    a. Violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as described above including retaliation against Plaintiff for protected or EEO activity and discrimination based national origin..

    b. Such other practices, actions or conduct that the court deems appropriate and proper to enjoin.

WHEREFORE, Plaintiff demands trial by jury of all issues so triable and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Todd Kaleel hereby demands a trial by jury on all issues so triable.

Dated: April 11, 2013

Respectfully submitted,

Joseph D. Magri
Florida Bar No.: 0814490
Merkle Magri & Meythaler, P.A.
5601 Mariner St., Suite 400
Tampa, FL 33609
Telephone: (813) 281-9000
Facsimile.: (813) 281-2223
Email: jmagri@merklemagri.com

8